IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| GABRIEL PAUL SALAS, | § | |
|     Petitioner, | § | |
| | § | |
| VS. | § | Civil Action No. 4:20-CV-167-P |
| | § | (Consolidated with No. 4:20-CV-249-P) |
| BILL WAYBOURN, Sheriff, | § | |
| Tarrant County, Texas, | § | |
|     Respondent. | § | |

## OPINION AND ORDER

Before the Court is a consolidated petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner, Gabriel Paul Salas, a state pretrial detainee confined in the Tarrant County jail, against Bill Waybourn, sheriff of Tarrant County, Texas, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed in part as premature and in part on exhaustion grounds.

## BACKGROUND

Petitioner has been indicted in Tarrant County, Texas, Case Nos. 1598196D, 1595686D, and 1531338D, for the offenses of obstruction or retaliation and is confined awaiting trial. Resp't's Resp., No. 4:20-CV-167-P, 19,[1] ECF No. 7. Petitioner filed a prior § 2241 challenging his continued confinement in Case No. 1531338D. He challenges his continued confinement in Case Nos. 1598196D and 1595686D in this petition. In the lead case, Petitioner raises four grounds for relief relevant to Case No. 1595686D, in which he

---

[1] The pagination in the ECF header is used.

claims that (1) he was denied a proper handwriting analysis; (2) and (3) his constitutional rights are being violated by the denial of his right to a speedy trial and the denial of bail or reasonable bail; and (4) there is no physical evidence against him. Pet., Case No. 4:20-CV-167-P, 5-6, ECF No. 1. In the consolidated case, Petitioner raises three grounds for relief relevant to Case No. 1598196D, in which he claims that his constitutional rights are being violated by (1) the denial of his right to a speedy trial; (2) forced involuntary servitude or slavery before being convicted; and (3) the denial of bail or reasonable bail. Pet., Case no. 4:20-CV-249-P, 5-6, ECF No. 1. Respondent filed a response in Case No. 4:20-CV-167-P, prior to consolidation, asserting that the petition should be dismissed in part as premature and in part for failure to exhaust state court remedies. Resp't's Resp., 4:20-CV-167-P, 3-7, ECF No. 7. Although given the opportunity, Respondent did not file a supplemental response in Case No. 4:20-CV-249-P following consolidation.

## DISCUSSION

Petitioner's claims in the lead case that he was denied a proper handwriting analysis and that there is no physical evidence against him are premature and do not invoke federal habeas-corpus review prior to a judgment of conviction by a state court. *See Brown v. Estelle,* 530 F.2d 1280, 1282-83 (5th Cir. 1976).

While Petitioner's remaining constitutional claims may invoke pre-trial federal habeas-corpus review under § 2241, he must satisfy two requirements. First, he must be in custody. *See* 28 U.S.C. § 2241(c); *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987).

Clearly, Petitioner, who remains incarcerated in the Tarrant County jail on the pending criminal charges, is "in custody" for purposes of § 2241.

Second, he must have exhausted his available state remedies. *See Dickerson*, 816 F.2d at 224. State remedies are ordinarily not considered exhausted so long as the petitioner may effectively present his claims to the state courts by any currently available and adequate procedure. *Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 489 (1973). Typically, in order to exhaust, a petitioner must fairly apprise the highest state court of the federal rights that were allegedly violated. *See Deters v. Collins,* 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985). In Texas, this requires that the claims be presented to the Texas Court of Criminal Appeals by way of either a petition for discretionary review, either from conviction itself or, as here, from the disposition of a pre-conviction application for writ of habeas corpus, or post-conviction writ of habeas corpus. *See Deters*, 985 F.2d at 795; *Procunier,* 762 F.2d at 432; *see also Sones v. Hargett,* 61 F.3d 410, 415 (5th Cir. 1995) (exhaustion of state remedies may be accomplished either directly or collaterally). A petitioner may be excused from the exhaustion requirement only if he can show "exceptional circumstances of peculiar urgency." *Deters*, 985 F.2d at 795. Absent such circumstances, a pre-trial detainee may not adjudicate the merits of his constitutional claims before a judgment of conviction has been entered by a state court. *Braden*, 410 U.S. at 489. "Derailing of pending state proceedings by an attempt to litigate constitutional defenses prematurely in federal court" is not allowed. *Id.* at 493.

3

On this date, the Court has confirmed via electronic communication with the state district clerk's office that Petitioner filed a pro se writ(s) of habeas corpus in the state trial court pertaining to his pending criminal cases, which remain pending. As such, the state's highest court has not yet been afforded a fair opportunity to consider and rule on the merits of the claims. Consequently, absent "exceptional circumstances," such showing not having been demonstrated by Petitioner, federal-court interference in the normal functioning of the state's criminal processes at this juncture is unwarranted. Therefore, this Court should, and will, abstain from considering Petitioner's claims out of deference to the state courts.

In summary, Petitioner's claims that he was denied a proper handwriting analysis and that there is no physical evidence against him are premature and, as to the remaining claims, he has not satisfied the exhaustion requirement or shown that he should be excused from the exhaustion requirement by demonstrating exceptional circumstances warranting federal intrusion at this time. As to those claims, Petitioner must first pursue his state court remedies through completion before seeking relief under § 2241. Accordingly, dismissal of this petition in part as premature and in part for failure to exhaust state remedies is appropriate.

## CONCLUSION

For the reasons discussed herein, Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **DISMISSED** without prejudice in part as premature and in

part for failure to exhaust state court remedies. Further, for the reasons discussed, a certificate of appealability is denied.

    **SO ORDERED** on this 28th day of July, 2020.

                                      Mark T. Pittman
                                      UNITED STATES DISTRICT JUDGE